IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANITA D. ANDERSON-BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-02094-M |
| | § | |
| KROGER TEXAS, L.P., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment (ECF No. 9), filed by Defendants Kroger Texas, L.P. and The Kroger Co. For the reasons stated below, the Motion is **GRANTED**.

### I.     Background

This suit arises from injuries Plaintiff Anita D. Anderson-Brown sustained at a Kroger store in the city of Duncanville, Texas (the "Duncanville Kroger"). Plaintiff alleges that on May 10, 2020, she was walking by the self-checkout registers in the Duncanville Kroger when she slipped and fell due to water on the floor, hitting a display table during her fall. ECF No. 11-1 Ex. A at App. 002; ECF No. 11-1 Ex. B at App. 008; ECF No. 13 at 20.

Plaintiff originally sued Defendants in Dallas County District Court, asserting claims of ordinary and gross negligence; negligent hiring, supervision, training, and retaining; and premises liability. ECF No. 1-2 at 2–5, 12–14. Plaintiff claims that Defendants breached their duties and created an unreasonable risk of harm by: (1) failing to warn patrons, including Plaintiff, of the slippery floor, a condition that was not open or obvious; (2) failing to warn patrons, including Plaintiff, to use extra care around the slippery floor, because Defendants knew

1

or should have known of the dangerous condition; (3) failing to reduce or eliminate the danger of the slippery floor condition; (4) negligently hiring, supervising, training, and retaining employees who were incompetent and caused or failed to remedy the slippery floor condition; and (5) consciously disregarding its patrons by engaging in "reckless" conduct. ECF No. 11-1 Ex. A at App. 003–005. Defendants removed the case to this Court on September 1, 2021, on the basis of diversity jurisdiction. ECF No. 1 at 1. Defendants' Motion for Summary Judgment on all of Plaintiff's claims is now ripe for review.

## II. Legal Standard

Summary judgment is warranted when the movant shows that, after consideration of the pleadings and summary judgment evidence, there is no genuine issue of material fact. Fed. R. Civ. P. 56; *McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir. 2012). First, the moving party has the burden to demonstrate the absence of evidence supporting the nonmovant's claims. *Babcock v. Hartmarx Corp.*, 182 F.3d 336, 338 (5th Cir. 1999). Once the movant's burden is satisfied, the burden shifts to the nonmovant to prove summary judgment is not appropriate. *Tobin v. AMR Corp.*, 637 F. Supp. 2d 406, 411 (N.D. Tex. 2009) (Lynn, J.) (citing *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991)). A court properly grants summary judgment if, looking at all facts in the light most favorable to the nonmovant, it determines that there are no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III. Analysis

### A. Negligent Activity and Respondeat Superior

Plaintiff asserts claims for ordinary negligence and negligent hiring, supervision, training, and retention; and seeks to invoke the doctrine of respondeat superior. ECF No. 11-1 Ex. A at

App. 003–005. However, "[r]ecovery on a negligent activity theory requires that the person [was] injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

In *Keetch*, the Supreme Court of Texas found that a trial court had properly declined to submit a negligent activity theory to the jury, where the activity was not ongoing when the plaintiff was injured. *Keetch*, 845 S.W.2d at 264. Here, the same result is warranted. Plaintiff does not allege that she was injured by an activity, but, rather, that she was injured by a condition. Plaintiff claims she was hurt due to slipping on a water spill. She does not allege that she was hurt as a contemporaneous result of whatever activity caused the water to be on the floor. The Court **GRANTS** summary judgment in favor of Defendants on Plaintiff's negligent activity claims. Respondeat superior is thus not available to Plaintiff. Therefore, Plaintiff is left only with premises liability and gross negligence claims.

### B.  Premises Liability

Under Texas law, a property owner owes an invitee a duty to exercise reasonable care to reduce or eliminate an unreasonable risk of harm created by a condition on the premises about which the property owner knew or should have known. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010); *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). However, a property owner is not an insurer against all risks. *Reece*, 81 S.W.3d at 814; *see Cox v. Wal-Mart Stores East, L.P.*, 755 F.3d 231, 233 (5th Cir. 2014). To succeed on her premises liability claim, Plaintiff must satisfy four elements: (1) the owner or operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or operator's failure to use reasonable care proximately

3

caused the plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

### *1. There is no evidence of control over the premises by The Kroger Co.*

As a preliminary matter, The Kroger Co. argues that it is entitled to summary judgment because Plaintiff "has no evidence to establish The Kroger Co.'s control over the premises in question." ECF No. 10 at 13. Under Texas law, "[a] plaintiff must establish that the defendant had control over and responsibility for the premises before liability can be imposed." *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.— Houston [14th Dist.] 2009) (citing *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)). Physical occupation or ownership of the property is not necessary to demonstrate control. *United Scaffolding Inc. v. Levine*, 537 S.W.3d 463, 473–74 (Tex. 2017) (citing *Butcher v. Scott*, 906 S.W.2d 14, 15–16 (Tex. 1995)). The right to control the premises "may be expressed by contract or implied by conduct." *Levine*, 537 S.W.3d at 473 (citing *G.E. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008) (internal quotations omitted)). However, "[t]he control must relate to the condition or activity that caused the injury." *Mayer*, 278 S.W.3d at 909 (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex. 1997) (per curiam)).

In her response, Plaintiff submits the February 2013 Form 10-K of The Kroger Co., which lists Kroger Texas, L.P. as a subsidiary, and Plaintiff submits evidence from the Dallas Central Appraisal District, showing that Kroger Texas, L.P. wholly owns the Duncanville Kroger. ECF No. 13 at 11; ECF No. 14-1 Ex. C at Brown 6; ECF No. 14-1 Ex. E at Brown 11; ECF No. 14-1 Ex. F at Brown 107. Plaintiff argues that this evidence establishes that The Kroger Co. maintains ownership and control over the Duncanville Kroger. ECF No. 13 at 11. However, Defendants note that the incident report (ECF No. 14-1 Ex. A at Brown 1–5) makes no

reference to The Kroger Co., and the Form 10-K filed by The Kroger Co. (ECF No. 14-1 Ex. F at Brown 15–117) does not state that The Kroger Co. controls the Duncanville Kroger. The Form 10-K simply shows that Kroger Texas, L.P. is one of The Kroger Co.'s subsidiaries. That is not sufficient to hold The Kroger Co. liable for obligations of Kroger Texas, L.P. *See Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984) ("Generally, a court will not . . . hold a corporation liable for the obligations of its subsidiary except where it appears the corporate entity of the subsidiary is being used as a sham."). Plaintiff alleged no facts nor produced any evidence of The Kroger Co.'s direct control of the Duncanville Kroger, nor that Kroger Texas, L.P. was used by The Kroger Co. as a sham. The Court therefore **GRANTS** summary judgment in favor of The Kroger Co. on Plaintiff's premises liability claim.

### *2. There is no evidence of actual or constructive knowledge by Defendants.*

Even if The Kroger Co. were in direct control of the Duncanville Kroger, Defendants argue that Plaintiff's premises liability claim fails because she cannot establish that Defendants had actual or constructive knowledge of the water spill before Plaintiff slipped. ECF No. 9 at 3. The Court agrees. To show actual knowledge, an invitee must show that the owner either put the foreign substance on the floor or knew it was on the floor and negligently failed to remove it. *See Keetch*, 845 S.W.2d at 265. If an invitee cannot show actual knowledge, the invitee can establish constructive knowledge by showing "some proof of how long the hazard was there" to indicate whether a defendant "had a reasonable opportunity to discover and remedy [the] dangerous condition." *Reece*, 81 S.W.3d at 815–16; *see Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003).

5

Plaintiff lacks evidence to establish actual or constructive knowledge of the spilled water. ECF No. 10 at 13. There is no evidence regarding how the water was spilled, how long the water was on the floor before Plaintiff slipped, whether anyone saw the water on the floor before she slipped, or if an employee had inspected the area before she fell. ECF No. 9 at 2–3. What Plaintiff provided was the operating hours of the Duncanville Kroger and video taken at the store to support her argument that Defendants had constructive knowledge of the water spill. ECF No. 12 at ¶¶ 15–17.

The video runs for thirty-three consecutive minutes, beginning at 8:43:32 a.m. on May 10, 2020. ECF No. 14-1 Ex. B. The video includes two recordings of the area at issue—one taken from the front of a bay of registers ("Close Video") and the other taken from behind that register bay ("Far Video") (together, "Store Videos"). *Id.* At 8:48 a.m., the Close Video shows Plaintiff at the bottom of the screen—the top of her head moving in a leftward direction until suddenly she is no longer in view. ECF No. 14-1 Ex. B at 8:48:55–57 a.m.; *see* ECF No. 17 at 3. At the same time, the Far Video shows Plaintiff at the top of the screen—her shoes moving in a leftward direction until they are hidden behind a structure, when suddenly her legs and shoes slide to the left of the structure and are on the floor. ECF No. 14-1 Ex. B at 8:48:55–57 a.m.; *see* ECF No. 17 at 4. Plaintiff showed that the store opened at 6:00 a.m. that day. ECF No. 14-1 Ex. C at Brown 6. Plaintiff argues that, from the Store Videos and opening time, an inference should be drawn that water was on the floor and that employees did not inspect the area "for more, but no less than, five minutes." ECF No. 13 at 6.

The Court finds that Plaintiff did not prove that Defendants had actual or constructive notice of the water spill. There is no evidence that Defendants actually knew the water was on the floor and failed to remove it. In her deposition and responses to request for admission,

6

Plaintiff stated that she did not know: (1) where the water came from (ECF No. 11-1 Ex. B at App. 010 lines 33:20–21; ECF No. 11-1 Ex. D at App. 024–025); (2) who put the water on the floor (ECF No. 11-1 Ex. B at App. 019 lines 79:2–6); (3) whether any of Defendants' employees saw the water on the floor before she fell (ECF No. 11-1 Ex. B at App. 010 lines 33:22–24); or (4) the amount of time that the spill was there before she fell (ECF No. 11-1 Ex. D at App. 024, App. 026). Plaintiff submitted the Store Videos, purporting to show that the water spill was located "right by the registers where a bulk of the employees are located," contending that the Kroger employees knew or should have known of the spill. ECF No. 13 at 16. However, the Store Videos do not actually show the water, let alone employees spilling it, seeing it spilled, or inspecting the area but ignoring it. ECF 14-1 Ex. B.

Additionally, there is no temporal evidence "upon which the factfinder can reasonably assess the opportunity [Defendants] had to discover the [water spill]." *See Reece*, 81 S.W.3d at 816. Plaintiff testified that she did not notice any streaks, cart tracks, footprints, dirt, or debris in the water. ECF No. 11-1 Ex. B at App. 008–009 lines 27:22–28:8; ECF No. 11-1 Ex. D at App. 027. She testified she believes Defendants first learned about the water spill after she slipped. ECF No. 11-1 Ex. B at App. 020 lines 81:10–14.

Plaintiff contends the Store Videos show a minimum five-minute period when the spill was unaddressed before Plaintiff fell. ECF No. 13 at 13. She concludes that this video footage—along with the fact that the store had been open for two hours and forty-three minutes before the footage started—suggests that the spill was on the floor for between five minutes and two hours and forty-three minutes. *Id.* This inference, Plaintiff concludes, creates a genuine issue of material fact as to whether a reasonable time elapsed during which Defendants knew or should have known about the water spill. *Id*. However, the Store Videos do not show any water, let

7

alone whether Plaintiff slipped on it or how long it was present. The footage from one angle shows Plaintiff's head as she falls and from another angle shows where Plaintiff was laying on the floor after her fall. ECF No. 17 at 3; ECF No. 14-1 Ex. B at 8:48:55–57 a.m. In fact, in the Far Video, a register and display table obstruct the view of the specific location where Plaintiff allegedly slipped on the water. ECF No. 17 at 3–4. Even Plaintiff admits that the Store Videos show that the spill "could, or could not" have been present on the floor for five minutes or longer. ECF No. 13 at 15.

Plaintiff did not prove that the spill was there for a sufficient time for Defendants' employees to have a "reasonable opportunity to discover and remedy" it. *See Reece*, 81 S.W.3d at 815–16. There is no evidence to establish Defendants' constructive knowledge of the water spill. Plaintiff submitted a recorded statement that she was walking inside the store toward the exit and was "close to . . . [the] self-checkout" registers when she fell. ECF no. 14-1 Ex. D at Brown 9. Additionally, she says the Store Videos show "three to four employees" at the register bay, which was within "25 to 50 feet" of the water spill and in front of "unkempt" aisles. ECF No. 13 at 13–15, 18. This evidence, she concludes, suggests that Defendants' employees improperly maintained the store and knew that a hazard like the water spill could exist in the immediate vicinity—but failed for at least five minutes to inspect the area. *Id*. Physical proximity evidence alone "is insufficient to establish constructive notice absent some indication that the hazard existed long enough to give the premises owner a reasonable opportunity to discover it." *Dixon*, 330 F.3d at 315 (quoting *Reece*, 81 S.W.3d at 815) (internal quotations omitted). Plaintiff provided no evidence showing employees closer to the water spill and no evidence that the water could be seen from 25-50 feet away.

Viewing all facts in the light most favorable to the Plaintiff, the Court finds that Plaintiff did not show that Defendants had actual or constructive knowledge of the water spill before Plaintiff fell. Because Plaintiff provided no evidence of an essential element of a premises liability claim, Plaintiff cannot prevail and the Court **GRANTS** summary judgment in favor of Defendants on Plaintiff's premises liability claim.

### C. Gross Negligence

Plaintiff seeks punitive damages under a theory of gross negligence. ECF No. 13 at 21. Gross negligence requires two elements: (1) the defendant's act or omission creates an "extreme degree of risk" and (2) the defendant has "actual, subjective awareness" of the risk, but nevertheless engages in the act or omission. Tex. Civ. Prac. & Rem. Code § 41.001(11).

Like premises liability, gross negligence requires proof of duty. *See TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764–65 (Tex. 2009); *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996) (per curiam). Plaintiff did not prove that The Kroger Co. owed a duty to Plaintiff.

Plaintiff also did not establish a key element of gross negligence—awareness of the risk. Plaintiff argues that awareness can be shown because the Duncanville Kroger has "policies for cleaning spills or removing hazards." ECF No. 13 at 25. However, the existence of such a policy does not prove awareness of the risk at issue. *See Reece*, 81 S.W.3d at 816–17 (rejecting the notion that owners face "strict liability for any dangerous condition on their premises" and requiring "some proof of how long the hazard was there"). Plaintiff did not identify clear and convincing evidence that would suggest that Defendants knew about a water spill that posed a risk to patrons. For that reason, the Court **GRANTS** summary judgment in favor of Defendants on Plaintiff's gross negligence claim.

### D. Evidentiary Objections

Plaintiff objects to Defendants' use of the following evidence to support summary judgment on all of Plaintiff's claims: (1) Plaintiff's Petition (ECF No. 11-1 at App. 001–007); (2) Plaintiff's June 2, 2022, deposition testimony (ECF No. 11-1 at App. 008–020); (3) Plaintiff's photograph of the water spill produced in discovery (ECF No. 11-1 at App. 021); and (4) Plaintiff's Responses to Defendants' Requests for Admission, dated December 9, 2021 (ECF No. 11-1 at App. 022–032).

The Federal Rules of Civil Procedure explicitly authorize the use of Plaintiff's deposition testimony and admissions as summary judgment evidence. Fed. R. Civ. P. 56(c)(1)(A). Further, summary judgment evidence need only be capable of being presented in an admissible form. *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 354–55 (5th Cir. 2017). Defendants explained that Plaintiff's photograph of the spill could be authenticated at trial through Plaintiff's testimony. ECF No. 17 at 9. The photograph does not show Defendants' knowledge of the water and can be considered for that purpose. Finally, Defendants presented appropriate summary judgment evidence and only relied upon Plaintiff's Petition to describe the claims Plaintiff alleged. ECF No. 10. For these reasons, the Court **OVERRULES** Plaintiff's objections.

### IV. Conclusion

For the reasons stated herein, the Defendants' Motion for Summary Judgement (ECF No. 9) is **GRANTED**. All of Plaintiff's claims and causes of action are **DISMISSED** with prejudice.

**SO ORDERED**.

September 2, 2022.

_____
BARBARA M. G. LYNN
CHIEF JUDGE